IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JASON ROLAND AND DAWN ROLAND,)<br>Individually, and as Conservators for    )<br>JOHN C. ROLAND,                                    )<br>                                                                   )<br>         Plaintiffs,                                         )<br>                                                                   )<br>         v.                                                       )<br>                                                                   )<br>SOUTH CAROLINA DEPARTMENT       )<br>OF HEALTH AND HUMAN SERVICES, )<br>                                                                   )<br>         Defendant.                                        )<br>_____ ) | C/A NO.3:08-310-CMC<br><br>OPINION AND ORDER<br>ON MOTION FOR<br>SUMMARY JUDGMENT |

This matter is before the court on Plaintiffs' motion for summary judgment. For the reasons set forth below, this motion is granted in part.

**Filing of Personal Identifiers.** As an initial matter, the court notes that counsel for both sides have filed documents in the public record which reflect confidential personal identifiers including the dates of birth and Social Security numbers for Plaintiffs and their minor son.[1] It is the responsibility of counsel, not the court, to insure that documents filed with the court do not reveal such information.

Counsel are directed to carefully review all documents filed in relation to the motion for summary judgment and to file properly redacted versions of the same documents **within three business days of entry of this order**. In the interim, the court directs that the attachments to docket entries numbered 21, 23 and 24 be temporarily sealed.

---

[1] The minor son should also have been identified only by first name and last initial. The failure to do so is, however, of less concern given that his last name would be known from the identification of his parents.

**Exclusion of Evidence.**  In response to Plaintiffs' motion, Defendant has filed an affidavit of a witness who was not identified prior to the close of discovery.  The affidavit, in turn, attaches multiple critical documents which were not previously disclosed.  Defendant's reliance on this witness and these documents is central to its defense of the motion for summary judgment.

The documents referenced above were covered by an order issued in April 2008, which compelled Defendant to produce "all documents reflecting a written assignment of rights executed by Jason or Dawn Roland in favor of Defendant. If no written assignment was executed, Defendant shall produce all written or documentary evidence establishing that the Rolands executed an assignment, including any policies, procedures, or manuals explaining any notation which Defendant relies on to establish the existence of an assignment of rights."  Dkt. No. 16.  The order concluded with the following directive: "Defendant shall produce such documents within thirty days of the date of this order. Defendant's failure to comply with this order will result in barring Defendant from subsequently introducing or offering in evidence a written assignment or any written or documentary evidence of an assignment during the trial of this matter."  Dkt. No. 16.

Defendant's explanation for its late "production" of these documents (as attachments to a memorandum filed nearly six months after the deadline for production) is that they were found in an office "not previously contemplated."  This explanation is both oblique and inadequate.  Clearly, when Defendant had sufficient motivation (the summary judgment motion) to search for these documents, it was able to locate them.  Neither has Defendant offered an adequate explanation for its failure to identify the supporting witness prior to the close of discovery.

The court, therefore, declines to consider the affidavit of Ms. McWhite or any attachments to her affidavit in resolving the present motion. This witness and the related documents would be excluded at trial for the same reasons.

This leaves the December 20, 2006 "application" shown at Dkt. No. 23-2 as the only document which potentially gave notice of Defendant's lien rights and might possibly have satisfied the related assignment requirement. Defendant relies on page eight of this document as satisfying the notice requirements. That page apparently reflects computer entries, though the basis for those entries is unclear. The court cannot, therefore, determine from this document and the present record whether a lien should be allowed even for payments after December 20, 2006. At present, therefore, the court finds genuine issues of material fact preclude a determination as to the enforceability of any lien for payments made on or after December 20, 2006.

***Ahlborn*** **Factors.** Defendant argues that the factors set forth in *Arkansas Dept. of Health and Human Services v. Ahlborn,* 547 U.S. 268 (2006), do not favor the degree of reduction of the lien suggested by Plaintiffs because Plaintiffs did not include Defendant in the settlement negotiation process. Defendant has not, however, offered any evidence to contradict Plaintiff's proffered evidence that Defendant was invited to participate in the mediation but declined to do so and that Defendant's attorney was present at the settlement approval hearing and raised no objection to any aspect of the settlement. Defendant has, therefore, failed to proffer any evidence to support any upward adjustment of the lien amount under *Ahlborn*.

**Further Briefing.** In light of the above discussion, the court concludes that Defendant is precluded from asserting a lien for any payments made before December 20, 2006, and from seeking an upward adjustment under *Ahlborn* of any lien which may be asserted based on the manner in

3

which settlement negotiations were conducted. The court declines to decide whether the December 20, 2006, documents are adequate to support enforcement of a lien but will allow additional briefing on this point. That briefing should also address the amount of the lien in the event the court finds the December 20, 2006, documents sufficient to allow enforcement of the lien.

## CONCLUSION

Wherefore, Plaintiffs' motion for summary judgment is granted in part precluding enforcement of any lien for payments predating December 20, 2006 and finding no basis for upward adjustment under *Ahlborn*. The court will defer final resolution of the motion to allow supplemental briefing in light of the partial rulings in this order. Plaintiffs shall file their supplemental memorandum no later than December 3, 2008. Defendant shall file its supplemental memorandum no later than December 10, 2008. Any reply shall be filed by December 15, 2008.

IT IS SO ORDERED.

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 13, 2008